124 F.3d 209
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Eric Lashon JILES, Appellant.
 United States Court of Appeals, Eighth Circuit.
 Sept. 2, 1997.
Submitted August 6, 1997
Filed September 2, 1997
 
 Appeal from the United States District Court for the Western District of Missouri.
 Before WOLLMAN, LOKEN, and HANSEN, Circuit Judges.
 
 PER CURIAM
 
 1
 While serving a ten-year term in the Missouri correctional system, Eric Lashon Jiles appeared in federal court under a writ of habeas corpus ad prosequendum and pleaded guilty to aiding and abetting the attempted possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. The district court[1] sentenced Jiles to 188 months in prison and five years supervised release, recommending to the United States Bureau of Prisons that his federal sentence run concurrently with his state sentence. Jiles returned to state custody, where he was reclassified as a more serious offender due to the federal conviction. Jiles appeals his sentence, arguing that he has lost rights and privileges in state prison in violation of the Double Jeopardy Clause, and asking us to direct the district court to order the Bureau of Prisons to take him into custody so he may serve his concurrent sentences at a federal prison. We affirm.
 
 
 2
 "As a general rule, the first sovereign to arrest a defendant has priority of jurisdiction for trial, sentencing, and incarceration." Thomas v. Brewer, 923 F.2d 1361, 1365 (9th Cir.1991). A writ of habeas corpus ad prosequendum affords only temporary custody of a prisoner confined within another jurisdiction for purposes of indicting, prosecuting, and sentencing the prisoner. See Flick v. Blevins, 887 F.2d 778, 781 (7th Cir.1989) (per curiam), cert. denied, 495 U.S. 934 (1990). Jiles has not shown that the State of Missouri waived its prior right of custody or agreed that he may serve his concurrent sentences within the federal correctional system. Therefore, he gives us no basis to order the Bureau of Prisons or the State of Missouri to transfer him to federal custody.
 
 
 3
 Jiles concedes that his federal conviction and sentence do not violate the Double Jeopardy Clause. Whether his loss of privileges in state prison raises a legitimate double jeopardy concern is not within our jurisdiction on this appeal. Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri